UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGINIA JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-1944 (RBW) |
| ) | |
| ROBIN WELLS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on a motion to dismiss filed on behalf of the Commissioner of Social Security ("Commissioner").[1] For the reasons discussed below, the motion will be granted.

I. BACKGROUND

In 1995, an administrative law judge ("ALJ") determined that the plaintiff was entitled to receive disability insurance benefits ("DIB"), *see* Mot. to Dismiss and Supporting Mem. of P. & A. ("Def.'s Mem."), Ex. A (Notice of Decision – Fully Favorable dated July 3, 1995), as of March 2002, *see* Compl., Ex. (Letter to LaVonnia Johnson, Office of Eleanor Holmes Norton,

---

[1] The named defendant, Robin Wells, is an employee of the Social Security Administration. Mot. to Dismiss and Supporting Mem. of P. & A. at 1 n.1. It does not appear, however, that the plaintiff brings any claim against Ms. Wells in her individual capacity. The plaintiff acknowledges that she named Ms. Wells in error, and explains that her "intention was to file . . . against [the] Social Security [Administration]." Mot. for My Claim Not to be Dismissed at 6 (page numbers designated by the Court); *see id.* at 12. The Court proceeds as if plaintiff brought this action under 42 U.S.C. § 405(g) against the Commissioner of Social Security. In this Memorandum Opinion, the Court will refer to the defendant as the "Commissioner."

1

U.S. House of Representatives, from Lorna Walters, District Manager, Philadelphia Region, Social Security Administration, dated September 15, 2006) at 1.  Payments commenced in September 1995, and the plaintiff received $12,849.68 to "covere[]back payments due from 03/92 to 09/95 on the Social Security Disability Record."  Compl., Ex. at 1.  In 2001, the Social Security Administration ("SSA") learned "that certain years of [the] plaintiff's earnings were not included in calculating her monthly DIB payment."  Def.'s Mem. at 2.  The plaintiff had been receiving a monthly benefit of $499.00, and beginning in May 2001 her monthly benefit was set to increase to $513.00 "to account for her increased earnings in prior years."  *Id*.; *see id.*, Ex. C-1 (Letter to plaintiff from Carolyn Colvin, Deputy Commissioner for Operations, SSA, dated April 12, 2001).  In April 2001, the plaintiff received a total of $1,833.00, an amount which included both a "one-time back payment" of $1334.00 and her monthly benefit of $499.00.[2]  Def.'s Mem. at 2.

The plaintiff claims that she was entitled to receive her regular monthly benefit payment of $499.00 in April 2001 *in addition to* the one-time back payment of $1,833.00.  Compl. at 5.  She brings this action to recover not only the $499.00 payment allegedly owed for April 2001, but also an award of $100,000.00 as compensatory damages "on the basis of negligence on the part of Social Security."  Compl., Ex. [Dkt. #1-1] at 1.

After this litigation commenced, the Commissioner "found an untimely Request for Reconsideration mailed by plaintiff [postmarked] July 10, 2001."  Def.'s Mem. at 2-3; *see id.*,

---

[2] SSA records reflect that the plaintiff's "regular monthly payment for $499.00 was deposited to her checking account on April 3, 2001; a $1334.00 underpayment was deposited on April 6, 2001, and her new benefit payment amount of $513.00 was deposited on May 3, 2001."  Def.'s Mem., Ex. D (Fact Sheet) at 1.

Ex. E-1 (Request for Reconsideration dated June 29, 2001). Although a request for reconsideration ordinarily must be filed no later than 60 days after the claimant's receipt of the notice of the Commissioner's initial decision, *see* 20 C.F.R. § 404.909(a)(1), the Commissioner found good cause for the late filing, *see* 20 C.F.R. § 404.911, because he "did not issue [to the] plaintiff a written notice denying her Request for Reconsideration on untimeliness grounds." Def.'s Mem. at 3. Instead, the Commissioner has reviewed the matter and found that "there was no underpayment of benefits." *Id.* at 3; *see id.*, Ex. F-2 (Letter from Elaine Garrison-Daniels, Assistant Regional Commissioner for Processing Center Operations, Mid-Atlantic Program Service Center, dated February 17, 2011). The Commissioner so notified the plaintiff in writing, and his letter included notice of her right to request a hearing before an ALJ. *Id.*, Ex. F-3.

## II. DISCUSSION

A federal district court has jurisdiction over a civil case challenging a final decision of the Commissioner. *See* 42 U.S.C. § 405(g). This statute in relevant part provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> * * *
>
> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* The statute does not define the term "final decision." Instead, "its meaning is left to the Secretary [of the Department of Health and Human Services] to flesh out by regulation."

3

*Weinberger v. Salfi*, 422 U.S. 749, 767 (1975).

SSA regulations set forth a four-step process by which a claimant achieves a final decision suitable for judicial review. *See* 20 C.F.R. § 404.900(a) (listing steps of administrative review process); *see also Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993) ("The Secretary renders a 'final decision' after a benefit claimant receives an initial determination of his right to benefits by the regional SSA office, asks that office to reconsider its determination, requests a hearing before an administrative law judge (ALJ) and requests Appeals Council review of the ALJ's decision.").

A determination about the amount of a person's benefits is an initial determination, 20 C.F.R. § 404.902(c), which "is binding unless [the claimant] request[s] a reconsideration within the stated time period," 20 C.F.R. § 404.905. A claimant may request reconsideration in writing within 60 days of her receipt of notice of the initial determination. 20 C.F.R. § 404.909(a). A determination on reconsideration is binding "unless . . . [the claimant] requests a hearing before an [ALJ]." 20 C.F.R. § 404.921(a). A request for a hearing must be made in writing, 20 C.F.R. § 404.933(a), and filed within 60 days of the claimant's receipt of the notice of the decision on reconsideration, 20 C.F.R. § 404.933(b)(1). The ALF "shall issue a written decision that gives the findings of fact and the reasons for [his] decision," 20 C.F.R. § 404.953(a), and his decision is binding unless the claimant requests a review by the Appeals Council, 20 C.F.R. § 404.955(a). Such a request must be filed, in writing, within 60 days of the claimant's receipt of the notice of the ALJ's hearing decision. 20 C.F.R. § 404.968(a)(1). "The Appeals Council's decision . . . is binding unless [the claimant] . . . file[s] an action in Federal district court," and the action must be filed within 60 days after receipt of the notice of the Appeals Council's action. 20 C.F.R. §

404.981.

Ordinarily, a plaintiff's failure to exhaust her administrative remedies at the agency level prior to filing a lawsuit in federal district court would be a basis for dismissal of the lawsuit. *See Almaklani v. Sullivan*, No. 90-754, 1990 WL 179595, at *1 (D.D.C. 1990) (dismissing for lack of subject matter jurisdiction the complaint of applicants for survivors' benefits who had not exhausted administrative remedies following denial of their initial claim). Plaintiff contends that she has made several contacts with SSA personnel and others, *see* Pl.'s Opp'n at 2-4, seeking the additional benefits she believed were owed to her. She also asserts that she has not received credit for "jobs that [she] worked and paid into Social Security that [were] not used to compute [her] benefits." *Id.* at 10-11. She challenges amounts deducted "to pay for Medicare." *Id.* at 12. According to the plaintiff, she has "used all the resources available to [her] when in fact [the] Social Security Administration has been negligent for not sending [her] Administrative Appeals rights info" and for "not responding to [her] reconsideration" request. *Id.* at 6.

In the Reply, the Commissioner acknowledges the agency's failure to respond to the plaintiff's 2001 request for reconsideration. Reply Mem. in Supp. of Def.'s Mot. to Dismiss ("Reply") at 1. Further, he notes that the plaintiff "disputes whether she should have received an additional $499.00 from the [SSA] in 2001 and whether she should be credited for additional work that was not reported to the [SSA]." *Id.*; *see* Pl.'s Opp'n, Attach. 20 (Social Security Work History). Such matters, the Commissioner argues, "are the types of issues that would benefit by their further development at a hearing before an ALJ." *Id.* The Court concurs.

The Supreme Court instructs that:

> Exhaustion is generally required as a matter of preventing premature
> interference with agency processes, so that the agency may function

5

> efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. at 765 (citation omitted). For the most part, the parties offer correspondence to support of their respective positions, and the current record is not one on which the Court could decide the merits of the complaint. *Cf. Craigg v. Russo*, 667 F.2d 153, 160 (D.C. Cir. 1981) (finding that, in the circumstances of that case, "it manifestly would be inappropriate for us to undertake to decide the issues without the benefit of an administrative decision by the federal agency charged with implementing the federal statute that is central to the case"). Now that the Commissioner has acted on the plaintiff's 2001 request for reconsideration, the plaintiff may proceed with the next step of the administrative process – a hearing before an ALJ. A hearing affords the plaintiff an opportunity to present evidence supporting her claims, as well as an opportunity for the SSA to address those claims.

The Court will grant the Commissioner's motion to dismiss and, as he suggests, will "direct[] that the plaintiff should be granted a hearing before an [ALJ] on the issues that she has raised in this case." Reply at 2. An Order accompanies this Memorandum Opinion.

DATE: September 24, 2011

/s/
REGGIE B. WALTON
United States District Judge